NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS L. EDMONDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 1652 DDN |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Before the court is the petition of Missouri state prisoner Julius L. Edmonds for a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons discussed below, the petition for a writ of habeas corpus is denied.

## BACKGROUND

On January 9, 2015, petitioner Edmunds pled guilty to first-degree sodomy in the Circuit Court of the City of St. Louis, Missouri. (Doc. 1.) The complaint alleged specifically, "the defendant for the purpose of arousing or gratifying the sexual desire of defendant had deviate sexual intercourse with V.V. by inserting his finger into V.V.'s vagina by the use of forcible compulsion." (Doc. 9-1 at 11.) The affidavit filed in support of the Complaint alleged the following facts:

> V.V., an adult female, is partially incapacitated. When she is not in her bed she moves around by way of a wheel chair. V.V. told me that on the date and at the place indicated above defendant entered her bedroom. V.V. was in her bed. When defendant first touched V.V. she screamed out "no" to tell him to get away from her. Notwithstanding V.V.'s command, defendant inserted his finger into V.V.'s vagina against her will and because of V.V.'s incapacities, she was unable to resist defendant forcibly.

(*Id.* at 12.) In exchange for his plea of guilty to the sodomy charge, the State dismissed a related first-degree burglary charge (*id.* at 16), alleged in a related indictment (*id.* at 13-14), and

1

recommended a sentence of ten years. On January 9, 2015, that court sentenced petitioner to the recommended ten years' imprisonment. (*Id.* at 17.)

Petitioner did not appeal the sentence but moved for post-conviction relief under Missouri Supreme Court Rule 29.15. The motion raised the same ground petitioner alleges in this Court, constitutionally ineffective assistance of counsel. The motion was denied by the Circuit Court without a hearing on August 27, 2015. He filed a motion to reconsider which was denied on September 1, 2015. On appeal, the Court of Appeals affirmed on October 11, 2016. *Edmonds v. State*, 500 S.W.3d 908 (Mo. Ct. App. 2016) (Order summarily affirming circuit court) (Explanatory opinion found at Doc. 9-4.).

Petitioner has now filed the instant petition under 28 U.S.C. § 2254, claiming that his plea counsel was constitutionally ineffective.

## **PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF**

Petitioner alleges one ground for relief in this habeas action: His attorney was constitutionally ineffective for failing to advise him of the applicable definition of "forcible compulsion" in Rev. Stat. Mo. § 556.061(12) (as codified on date of petitioner's offense, Feb. 12, 2014)[1]; for failing to advise him, based on that definition, that he had a viable legal defense to the first-degree sodomy charge; for failing to advise him of the lesser-included offense of sodomy in the second degree; and for failing to advise him that he could proceed to trial and argue that, if he was guilty of anything, it was second degree sodomy. (Doc. 1 at 6.)

Respondent argues only that, based on the record, petitioner's ground for relief is without merit. (Doc. 9.)

In his reply traverse, petitioner argues that he is actually innocent of first degree sodomy, that he was overcharged, that he should have been charged only with second degree sodomy, and that his attorney was ineffective because he failed to explain the difference between the two. The

---

[1] "'Forcible compulsion' [is] either:  (a) Physical force that overcomes reasonable resistance; or (b) A threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person." *See* Rev. Stat. Mo. § 556.061(12).

2

relief he seeks in this Court is the vacating of his conviction for first degree sodomy and a remand of the case for resentencing. [2] (Doc. 10.)

## **STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief can be granted by a federal court on a claim that has been decided on the merits by a state court, only if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes,* 559 U.S. 43, 47 (2010). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] [Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler*, 559 U.S. at 47. This standard is difficult to meet, because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011). Review under § 2254(d)(1) is limited to the record that was before the state court which adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). The determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

---

[2] Petitioner does not state what the basis for any resentencing would be, other than perhaps for an acceptance of a determination that he committed second degree sodomy.

3

The AEDPA limits entitlement to an evidentiary hearing in this Court.  If a federal habeas petitioner failed to develop the factual basis of a federal habeas ground in state court proceedings, no evidentiary hearing is permitted, unless petitioner shows that:

> (A) the claim relies on
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(2).

Because this limitation only applies to petitioners who failed to develop the factual basis of their claim in state court proceedings, the first question is whether the relevant facts on petitioner's single ground for relief were developed in state court, and, if not, whether the lack of facts was due to a failure by petitioner.  Such a failure is established by lack of diligence or some greater fault attributable to petitioner or his counsel.  However, if the record presently before the court precludes habeas relief, then this Court is not required to hold an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Otherwise, "the decision to grant such a hearing rests in the discretion of the district court." *McGehee v. Norris*, 588 F.3d 1185, 1200 (8th Cir. 2009) (quoting *Schriro*, 550 U.S. at 474).  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474; *see also Cullen v. Pinholster*, 563 U.S. at 183.

The current factual record in the Missouri state courts is sufficient to rule the merits of petitioner's federal habeas ground.  Petitioner is not entitled to an evidentiary hearing in this Court.

## **DISCUSSION**

As stated, petitioner was initially charged by complaint with first degree sodomy, (Doc. 9-1 at 11), then by indictment in Count 1 with first degree sodomy and in Count 2 with first degree burglary.  Count 1 alleged:

> The defendant, in violation of Section 566.060, RSMo, committed the felony of sodomy in the first degree, punishable upon conviction under Section

4

>566.060, RSMo, and subject to lifetime supervision under Section 217.735, RSMo, in that on or about February 12, 2014, in the City of St. Louis, State of Missouri, the defendant (for the purpose of arousing or gratifying the sexual desire of defendant had deviate sexual intercourse with V.V. by inserting his finger into V.V.'s vagina by the use of forcible compulsion.

(Doc. 9-1 at 13.)

Under Missouri law, applicable on February 12, 2014, the date petitioner is alleged to have committed the sodomy, "'A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old.' Section 566.062.1. 'Deviate sexual intercourse' is defined as: "[A]ny act involving the genitals of one person and the hand, mouth, tongue, or anus of another person *or* a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]" *Becker v. State of Missouri*, 260 S.W.3d 905, 910 (Mo. Ct. App. 2008).

"A person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." *State of Missouri v. Simmons*, 233 S.W.3d 235, 238 (Mo. Ct. App. 2007) (quoting Rev. Stat. Mo. § 566.064).

Petitioner argued before the Missouri Court of Appeals that the trial court erred in denying him relief on his constitutionally ineffective assistance of counsel ground, because his plea hearing counsel failed to advise him that if he did not use forcible compulsion, he could have proceeded to trial and perhaps been convicted of second degree sodomy instead of first degree sodomy. (Doc. 9-2 at 9, 11.)

The Court of Appeals discussed and ruled petitioner's ground for relief thus:

<u>Failure to Inform of the Definition of "Forcible Compulsion" in § 556.061(12)</u>

>In his sole point on appeal, Edmonds claims that the motion court clearly erred in denying his Rule 24.035 motion that asserted trial counsel was ineffective for failing to inform Edmonds of the definition of the term "forcible compulsion" as set forth in § 556.061(12)[2], and to advise Edmonds, based on that definition, that he had a viable legal defense to the first-degree sodomy charge against him. We disagree because we find that the motion court did not clearly err in determining that the record refutes Edmonds's ineffective-assistance claim.

>[2]All statutory references are to RSMo 2012 unless otherwise indicated.

5

Here, the State charged Edmonds with, and he pleaded guilty to, first-degree sodomy by the use of "forcible compulsion." A person commits first-degree sodomy when he "has deviate sexual intercourse with another person . . . by the use of forcible compulsion. § 566.060. Section 556.061(12) provides that "forcible compulsion" means either "(a) [p]hysical force that overcomes reasonable resistance; or (b) [a] threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person." Physical force is simply force applied to the body, and need not come after the victim has physically resisted. *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo.banc 2005). Rather, the force used must be calculated to overcome the victim's resistance. *Id.*

Reasonable resistance is that which is suitable under the circumstances. *Id.* at 109. Certainly, the law does not require or expect utmost resistance to a sexual assault when it appears that resistance would be futile or would provoke a more serious injury. *Id.* In determining whether the force used is sufficient to overcome reasonable resistance, the court does not look to any single fact but to the totality of the circumstances. *Id.* Among the factors taken into account in considering the totality of the circumstances are whether violence or threats precede the sexual act; the relative ages of the victim and accused; the atmosphere and setting of the incident; the extent to which the accused was in a position of authority, domination, and control over the victim; and whether the victim was under duress. *Id.*

At his plea hearing, Edmonds confirmed that he wished to plead guilty to the charge against him of first-degree sodomy; that he understood his rights; and that he was admitting that he actually committed the offense as charged. However, after the prosecutor stated what the State would have shown if the case had gone to trial, and thus addressed the specific details of how Edmonds used "forcible compulsion" in this case, Edmonds temporarily equivocated about whether he used forcible compulsion:

> PROSECUTOR: The State would prove beyond a reasonable doubt, had this case gone to trial, that the defendant committed the felony of sodomy in the first degree in that on about February 12, 2014, here in the City of St. Louis, State of Missouri, the defendant, for the purpose of arousing or gratifying the sexual desire of the defendant, had deviant sexual intercourse with [the victim], by inserting his finger into [the victim's] vagina by the use of forcible compulsion.
>
> Specifically, the victim is a woman who suffered a stroke years ago and is handicapped, both physically and she can speak, but her speech is not the same as a person who has not suffered a stroke.
>
> COURT: Is she bedridden?

6

>PROSECUTOR: She is able to get out of bed with help, into a wheelchair at times. Many of the neighbors in the neighborhood have keys to her house and help and aid her. The defendant is one of these people from the neighborhood that is known to her. And the defendant was alone with her for about a ten or fifteen minute period before others came to the house when this event occurred.
>
>The victim was able, she was holding her genital area and did not immediately tell what happened, but was clearly shaken up and scared. She was later able to verbalize what happened to her, that the defendant had put his fingers inside her vagina.
>
>COURT: Did you hear that, Mr. Edmonds?
>
>EDMONDS: Yes, sir. I heard it.
>
>COURT: You did that?
>
>EDMONDS: Yes, sir, I did it. But I didn't do it.
>
>COURT: What? Did you do it or didn't you do it?
>
>EDMONDS: Yes, sir.
>
>COURT: Which one?
>
>EDMONDS: I'm saying I helped her in her wheelchair and my finger accidentally went into her thing, sir, and she was buck naked at the time.
>
>COURT: You're saying you didn't intend to do this?
>
>EDMONDS: No, I didn't intend to do this. She had a stroke. I didn't intend to do that but it happened, sir.
>
>DEFENSE COUNSEL: Can we have one moment, Judge?

Edmonds then had an off-the-record conversation with counsel, and returned to admit his guilt on the record.

>DEFENSE COUNSEL: Okay, Judge. I think we're ready.
>
>COURT: All right, Mr. Edmonds, let's back up. That's what you're charged with. You're charged with forcibly putting your finger into the vagina of [the victim]. Is that true or not true?

7

>EDMONDS: Yes, it's true, Your Honor.
>
>COURT: You sure about that?
>
>EDMONDS: Yes, sir. Yes, sir.

Despite this clarification, Edmonds argues in his Rule 24.035 motion that he did not knowingly and voluntarily plead guilty to first-degree sodomy by the use of forcible compulsion, and that counsel's failure to inform him of the definition of "forcible compulsion" and to articulate a defense based on the alleged absence of such compulsion prejudiced Edmonds and demands reversal. Edmonds asserts that in the exchange following his off-the-record meeting with counsel, he understood the plea court to be asking simply whether it was true that he had been *charged* with forcibly putting his finger into the victim's vagina, and thus argues that he was not, by responding "Yes, it's true," to the court's question, admitting to having used forcible compulsion.

We disagree. Even if Edmonds initially understood the question as he claims to have, we fail to see how he persisted in that understanding not only after the court asked him whether he was "sure about" his answer and he said "Yes," but also after the court later asked him whether he knew of any reason why it should not enter a judgment of conviction against him on the first- degree sodomy charge and sentence him to ten years in prison pursuant to his plea agreement with the State, and he said "No." Thus, the record in this case refutes Edmonds' ineffective-assistance claim; when an accused admits in open court facts constituting the offense for which he has been charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the charge to which he pleaded guilty. *State v. Taylor*, 929 S.W.2d 209, 217 (Mo.banc 1996).[3]

---

>[3] For this reason, we also reject Edmonds's related argument that defense counsel's alleged failure to inform him of the lesser included offense of second-degree sodomy, which does not involve forcible compulsion, prejudiced him. Even if counsel never addressed second-degree sodomy with Edmonds, Edmonds's admission at the plea hearing of facts constituting his commission of first- degree sodomy refutes his subsequent allegation that, if informed of second-degree sodomy, he would have denied committing first-degree sodomy and would have taken this case to trial. Edmonds fails to explain why, if he believed he did not commit first-degree sodomy, he nevertheless pleaded guilty to the *specific facts* constituting that offense. If Edmonds was truly, as he states, "pleading guilty so [he wouldn't] lose out at trial and get more time," he provides us with no reason to believe that, had he known of second-degree sodomy, he would not have made the same bargain.

8

>Moreover, Edmonds's bare assertions of prejudice are refuted by the evidence of his favorable plea agreement. *Cf. Barringer v. State*, 35 S.W.3d 493, 497 (Mo.App.S.D. 2000) (noting that the defendant's bare assertion of prejudice from the withdrawal of his motion to withdraw his guilty pleas failed to show he would have elected to stand trial on eight charges and forgo any plea agreement where the agreement he accepted dismissed four counts against him and ran his sentences on three counts concurrently). Here, Edmonds accepted a plea agreement that favorably dismissed a class B felony, first-degree burglary charge against him and offered him a ten-year sentence for first-degree sodomy even though if he had proceeded to trial, as a persistent offender he would have risked a sentence of up to 30 years or life imprisonment.

(Doc. 9-4 at 4-8.)

The decision of the Missouri Court of Appeals is not contrary to clearly established federal law and it is not based on an unreasonable determination of the facts.

Petitioner bears the burden of demonstrating constitutionally ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003). In order to prevail on an ineffective assistance claim, petitioner must show that counsel's performance fell below an objective standard of competence *and* that the specific errors that are alleged prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 687. In order to establish prejudice, a petitioner must demonstrate that there is a reasonable probability that but for the complained-of conduct the result would have been different. *Id.* at 694; *Davis v. United States*, 673 F.3d 849, 853 (8th Cir. 2012). The Supreme Court applied this two-part test to ineffective assistance claims arising out of guilty plea proceedings. *Hill v. Lockhart*, 474 U.S. 52 (1985). In a guilty plea case, a habeas petitioner must show both that his counsel's performance did not meet the standard of competence and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The standard for reviewing counsel's performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). This Court must apply a "highly deferential" review of the attorney's performance and presume that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to convictions upon a trial. *Hill,* 474 U.S. at

59; *McMahan v. United States*, No. 4:10 CV 944 HEA, 2013 WL 6498243, at *2–3 (E.D. Mo. Dec. 11, 2013)

The prejudice prong, however, differs in the context of guilty pleas. Instead of simply showing that the outcome would be different, the petitioner who pled guilty has the burden to establish that there is a reasonable probability he would have insisted on going to trial. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. United States,* 452 F.3d 1009, 1012–13 (8th Cir. 2006). Both prongs of the test must be satisfied for the claim to succeed; if a movant fails to make a sufficient showing under one prong, the court does not need to consider the other. *See Strickland,* 466 U.S. at 697; *Phillips v. United States*, No. 4:10 CV 1036 ERW, 2011 WL 2532409, at *2 (E.D. Mo. June 24, 2011).

To determine whether the state court lawfully determined whether a petitioner's guilty plea was voluntary and knowing, a federal habeas court must consider the state court record, and "[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart,* 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).

In the case at bar, petitioner Edmonds's allegations are refuted by the evidence adduced during the plea hearing. The judge stated and explained the trial rights petitioner would waive by pleading guilty. At the judge's direction, the prosecutor described the charge and the facts the State would endeavor to prove beyond a reasonable doubt if the case went to trial. These facts included the petitioner "inserting his finger into VV's vagina by the use of forcible compulsion." When asked by the judge whether he did what the prosecutor described, petitioner stated, "Yes, sir, I did it. But I didn't do it." (Doc. 9-1 at 22, Trans. 11-12.) When asked by the judge "Did you do it or didn't you do it?," petitioner ultimately stated, "I'm saying I helped her in her wheel chair and my finger accidently went into her thing, sir, and she was buck naked at the time." The judge asked, "You're saying you didn't intend to do this?" Petitioner responded, "No, I didn't intend to do this. She had a stroke. I didn't intend to do that but it happened, sir." (*Id.* at 23, Trans. 12-13.)

After the conversation off the record with petitioner, defense counsel stated they were ready to resume the proceedings. Back on the record, the judge stated to petitioner, "All right. Mr. Edmonds, let's back up. That's what you're charged with. You're charged with forcibly putting

your finger into the vagina of Ms. VV.  Is that true or not true?"  Petitioner responded, "Yes, it's true, Your Honor."  The judge asked, "You sure about that?"  Petitioner responded, "Yes, sir.  Yes, sir."  Then the judge stated, "You understand that if I accept your plea of guilty, it's a ten year sentence you're going to get?"  Petitioner answered, "I know that, sir."  (*Id.,* Trans. 13-14.)

The judge also discussed with petitioner the nature of the sentence and the lifetime of parole supervision petitioner would have due to the nature of the charge to which he was pleading guilty. Petitioner stated he understood this.  (*Id.,* Trans. 14.)

In light of the statements made by petitioner at the plea hearing, the state court was reasonable in finding that petitioner voluntarily pled guilty and received effective assistance of counsel.  *See Smith,* 921 F.2d at 157.  This Court holds the findings of the State Court are fairly supported by the record.  Petitioner thus fails to satisfy the first *Strickland* prong, and this petition must be denied.

Even if this Court found petitioner's attorney failed to meet the requisite competence, there was no prejudice that resulted from it.  When an alleged error of counsel is a failure to advise the petitioner of a potential defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the defense likely would have succeeded at trial.  *Hill*, 474 U.S. at 59); As the Supreme Court explained in *Strickland*, such predictions of the outcome at a possible trial, where necessary, should be made objectively without regard for the "idiosyncrasies of the particular decisionmaker." *Strickland*, 466 U.S. at 695.

In the instant case, the state agreed to dismiss the additional charge of first-degree robbery, a Class B felony punishable by five to fifteen years' imprisonment, and agreed to recommend the minimum sentence for first-degree sodomy in exchange for accepting the plea agreement.  If petitioner had instead gone to trial and had been convicted of second-degree sodomy, which he alleges he would have done, he would have been sentenced as a prior and persistent offender by another term of five to fifteen years' imprisonment.  If petitioner had been convicted of first-degree sodomy, he would have been sentenced to 30 years to life imprisonment.

In this case, petitioner is not asking for a retrial on the issue of guilt, only resentencing.  On the record, including his statement in this case, there is no reasonable probability he would have proceeded to trial with the risk of life imprisonment if counsel had defined "forcible compulsion" to him.  Petitioner's assertions of prejudice are not supported by reasonable probability, and therefore, his ground also fails the second prong of *Strickland's* test.

11

## CONCLUSION

For the reasons set forth above, the petition of Julius L. Edmonds for a writ of habeas corpus is denied. The case is dismissed with prejudice. An appropriate Judgment Order is issued herewith.

Petitioner has made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability under 28 U.S.C. § 2253(c) is denied.

/s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 7, 2020.